UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| **Case No.** | **LA CV 16-06790-VBF-SK** | **Dated: Monday, July 3, 2017** |
| **Title:** | ***Jorge Jimenez, Petitioner v. Debbie Asuncion (Warden, CDC-Lancaster), Respondent*** | |

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Kelly Davis | N/A |
|---|---|
| Courtroom Deputy | Court Reporter |
| Attorney Present for Petitioner: N/A | Attorney Present for Respondent: n/a |

**Proceedings (in chambers):   ORDER   Adopting the R&R and Dismissing Action Without Prejudice for Lack of Prosecution;**

**Permitting Jimenez to Move for Reinstatement by Friday, August 10, 2017;**

**Directing Entry of Separate COA Order**

    This is an action for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. section 2254. Pursuant to his authority under Fed. R. Civ. P. 72(b)(1), title 28 U.S.C. section 636(b)(1)(B), and C.D. Cal. Local Civil Rule 72-3.3, the United States Magistrate Judge issued a Report and Recommendation ("R&R") on May 25, 2017. *See* Case Management / Electronic Case Filing System Document ("Doc") Doc 25.

| CIVIL MINUTES - GENERAL | -1- | Initials of Deputy Clerk   kd   |
|---|---|---|

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the habeas corpus petition filed September 9, 2016 (Doc 1); the respondent warden's unopposed motion to dismiss the habeas petition for failure to establish exhaustion of state-court remedies as to some of his claims (Doc 14) and accompanying documents (Doc 15); the R&R (Doc 25); and the applicable law. Petitioner has not filed objections to the R&R within the time allotted by Fed. R. Civ. P. 72(b) and C.D. Cal. Local Civil Rule 72-3.4. *See Sudduth v. Soto*, No. LA CV 15-09038-VBF-RAO, 2016 WL 2016 WL 4035337, *1 (C.D. Cal. July 12, 2016) ("This Court never rules on an R&R without waiting for the objection deadline to pass, and it will not rule on the R&R here until at least one week after . . . [petitioner]'s objection deadline elapses . . . ."). Nor has petitioner sought an extension of the deadline. Accordingly, the Court proceeds without waiting further.

**By its terms, Federal Rule of Civil Procedure 72(b)(3) requires a District Judge to conduct de novo review only of those portions of an R&R to which a party has filed timely specific objection.** *See, e.g., Jette v. Colvin*, 2016 WL 4717735, *1 (D. Or. Sept. 7, 2016) ("Because no objections . . . were timely filed, this Court is relieved of its obligation to review the record *de novo*.") (citing *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009) (citing 28 U.S.C. section 636(b)(1)( C) and *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)) and *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)).

**Conversely, the Ninth Circuit has held that absent a timely objection purporting to identify specific defects in the R&R, the District Judge has no obligation to review the R&R at all.** *See US v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (district judge must review magistrate's findings and recommendations de novo if objections are made, "but not otherwise")), *cited by Beard v. Nooth*, 2013 WL 3934188, *1 (D. Or. July 30, 2013) (also citing *Thomas v. Arn*, 474 U.S. 140, 152, 106 S. Ct. 466, 473 (1985) ("There is no indication that Congress, in enacting [the Federal Magistrates Act], intended to require a district judge to review a magistrate's report.[.]")); *see, e.g., Robles-Castro v. Ryan*, 2017 WL

735386, *1 (D. Ariz. Feb. 24, 2017) (Logan, J.) ("The parties did not file objections, which relieves the Court of its obligation to review the R&R.") (citing, *inter alia*, *Reyna-Tapia*, 328 F.3d at 1121, and *Thomas*, 474 U.S. at 149); *Herring v. Maricopa Cty. Sheriff's Office*, 2016 WL 2754851, *1 (D. Ariz. May 12, 2016) (Campbell, J.) (same); *Hussak v. Ryan*, 2016 WL 2606993, *1 (D. Ariz. May 6, 2016) (Rayes, J.) (same).

"**Nonetheless, the Magistrates Act does not *preclude* a district judge from reviewing an R&R to make sure that it recommends a legally permissible and appropriate outcome (based on sound reasoning and valid precedent) if she chooses to do so.**" *Juarez v. Katavich*, 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (citing *Beard*, 2013 WL 3934188 at *1 (although in the absence of objections no review is required, the Act "'does not preclude further review by the district judge[] *sua sponte* . . . under a de novo or any other standard") (quoting *Thomas*, 474 U.S. at 154)). "'Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that [w]hen no timely objection is filed, the Court review the magistrate's recommendations for clear error on the face of the record.'" *Juarez*, 2016 WL 2908238 at *2 (quoting *Beard*, 2013 WL 3934188 at *1 (quote marks omitted).

**Out of an abundance of caution, then, the Court has reviewed the R&R. On either clear-error or de novo review, the Court finds no defect of law, fact, or logic in the R&R.** Therefore the Court will adopt the R&R and implement its recommendation to dismiss the habeas petition without prejudice due to petitioner Jimenez's lack of prosecution and failure to comply with court order. *Cf. Hawkins v. Boyd*, 2017 WL 27949, *1 (E.D.N.Y. Jan. 3, 2017) ("This Court, however, will conduct de novo review if it appears that the magistrate judge may have committed plain error. No such error appears here. Accordingly, the Court adopts the R&R . . . .") (internally citing *Spence v. Sup't of Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000)).

ORDER

1 | The Report and Recommendation is **ADOPTED**.

2 | This habeas corpus action is **DISMISSED without prejudice** due to petitioner's failure to comply with court orders and failure to prosecute the case with reasonable diligence.

**No later than Friday, August 10, 2017, petitioner MAY FILE a motion to reinstate this case.** Any such motion must allege facts justifying or excusing his failure to prosecute.

If petitioner fails to file a timely motion to reinstate, or if he files a timely but unpersuasive motion to reinstate, the District Judge will convert the dismissal to with-prejudice in August 2017 without further opportunity for objection or argument.

The Court is issuing a separate order ruling on a certificate of appealability.

The Court is <u>not</u> issuing a Judgment at this time. The case remains open.

IT IS SO ORDERED.